FILED
2014 Oct-02  PM 04:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **PAMELA KULBACK,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **CASE NO.:  CV-14-** |
| | * | |
| **UNUM GROUP; PROVIDENT** | * | |
| **LIFE & ACCIDENT INSURANCE** | * | |
| **COMPANY; PARKS LEE,** | * | |
| | * | |
| **Defendants.** | * | |

## NOTICE OF REMOVAL

TO:      E. Kirk Wood
             WOOD LAW FIRM, LLC
             Post Office Box 382434
             Birmingham, Alabama  35238

             Anne-Marie Adams, Circuit Clerk
             Jefferson County Circuit Court
             Civil Division – Room 400
             716 N. Richard Arrington Blvd.
             Birmingham, Alabama  35203

**Formerly Jefferson County Circuit Court Case No.:  01-CV-2014- 903605.**

Pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, Defendants Unum Group ("Unum Group") and Provident Life & Accident Insurance Company ("Provident Life") give notice of the removal of this cause from the Circuit Court of Jefferson County, Alabama, to this Honorable Court, and as grounds therefore, state the following:

1

1.      This lawsuit was originally filed on August 28, 2014, in the Circuit Court of Jefferson County, Alabama, and assigned case number 01-CV-2014-903605.  Plaintiff names Unum Group, Provident Life, and Parks Lee ("Lee"), an individual, as Defendants.

2.      Pursuant to 28 U.S.C. § 1446(d), Defendants have this day served a copy of this Notice by filing it with the Clerk of the Circuit Court of Jefferson County, Alabama.

3.      An entire copy of the state court file as it existed on October 2, 2014, including all process, pleadings, and orders served on Defendants, is attached hereto as Exhibit 1.

4.      Unum Group and Provident Life were served with a copy of the Summons and Complaint on September 2, 2014.  Defendant Lee was also served on September 2, 2014.

5.      This Notice of Removal is filed within thirty (30) days of the date of service of the Summons and Complaint.  Therefore, this Notice of Removal has been filed within the time allowed by the law under 28 U.S.C. § 1446(b).  *See* 28 U.S.C. § 1446(b); *Fed. R. Civ. P.* 6(a).

6.      This Removal is based on diversity jurisdiction.  28 U.S.C. § 1332.

## **DIVERSITY JURISDICTION**

7.      To confer diversity jurisdiction, the amount in controversy between

the parties must exceed the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Moreover, the action must be brought "between citizens of different States." 28 U.S.C. § 1332(a)(1).

## I.     Plaintiff Is Diverse From All Non-fraudulently Joined Defendants.

8.     Plaintiff resides in as a citizen of Jefferson County, Alabama. (Complaint, ¶ 1).

9.     As is correctly alleged in the Complaint, Defendant Unum Group is a Delaware corporation with it principal place of business in the State of Tennessee. (Complaint, ¶ 2).

10.     Defendant Provident Life is a Tennessee corporation (Complaint, ¶ 3) and has its principal place of business in the State of Tennessee.

11.     While Defendant Parks Lee is a resident of the State of Alabama, he is fraudulently joined in this action in an attempt to avoid federal jurisdiction. As established below, Lee's citizenship should be ignored for diversity purposes because his joinder is fraudulent. As a fraudulently joined Defendant, Lee is not required to join in this Notice of Removal. *Kimmons v. IMC Fertilizer, Inc.*, 844 F. Supp. 738, 740 (M.D. Fla. 1994). Because Lee has been fraudulently joined, and the state of citizenship of Unum Group and Provident Life is diverse from Plaintiff's state of citizenship, there is complete diversity.

3

**II.      The Non-Diverse Defendant Is Fraudulently Joined.**

12.      While diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, an action may nevertheless be removable if the joinder of non-diverse parties is fraudulent. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996), *abrogated on other grounds*, *Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000).  Joinder is fraudulent if there is no reasonable possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. *Legg v. Wyeth*, 428 F.3d 1317, 1325, n. 5 (11th Cir. 2005).   As explained by the Eleventh Circuit in *Legg*:

> We have explained before that "[t]he determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, *supplemented by any affidavits and deposition transcripts submitted by the parties.*" *Pacheco de Perez v. AT&T Co.,* 139 F.3d 1368, 1380 (11th Cir. 1998) (emphasis added).   The proceeding appropriate "for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed.R.Civ.P. 56(b)." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (quoting *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549, n. 9 (5th Cir. Unit A 1981)).   In such a proceeding, the district court must "resolve all questions of fact…in favor of the plaintiff." *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).  But there must be some question of fact before the district court can resolve that fact in the plaintiff's favor.

*Legg*, 428 F.3d at 1322-1323.

13.      In this case, there is no reasonable possibility that Plaintiff can prove a

cause of action against Lee based on the allegations in the Complaint.

14.     The only individual allegations that Plaintiff makes specific to Lee in the Complaint are as follows:

> 4.     Defendant Parks Lee (hereinafter referred to as "Lee") is a sales representative, and at all relevant time was employed by and under the control of UNUM and/or Provident Life & Accident Insurance Company. As such, UNUM and/or Provident Life & Accident Insurance Company is liable for the conduct of Lee by virtue of the doctrines of *respondeat superior* and vicarious liability.

> 17    Defendants' agent, Parks Lee, at all times material hereto, acting within the line and scope of his employment, sold these disability insurance policies to the Plaintiff with the assurances that the policies would pay in the event that Plaintiff became disabled and was unable to perform her duties as a physician.

Complaint, ¶¶ 4, 17.   The remaining allegations are made collectively against "Defendants."

15.     Plaintiff alleges breach of contract (Count I), fraud (Count II), bad faith (Count III), and negligence and wantonness (Count IV) against Defendants without distinguishing between any of the three named Defendants.   Plaintiff cannot successfully state any of these claims against Lee.

### A.     Plaintiff cannot state a claim for breach of contract against Lee.

16.     The essential element to a breach of contract claim is a valid contract binding the parties in the action.  *Gilmer v. Crestview Memorial Funeral Home,*

*Inc.*, 35 So. 3d 585, 594 (Ala. 2009).

17.    The Policy contracts attached to the Complaint show that Provident Life issued the insurance Policies and is the insuring party and that Lee is not a party to those contracts.   In fact, Plaintiff's Complaint specifically asserts that Defendants Unum Group and Provident Life issued the Policies.  (Complaint, ¶¶ 6-7).   Furthermore, as the agent, rather than the insurer, Lee cannot be liable to Plaintiff on the insurance contract.  *Mobile Ins., Inc. v. Smith*, 441 So. 2d 894, 897-898 (Ala. 1983).

18.    As such, Lee cannot possibly be liable to Plaintiff on the breach of contract claim because he was not a party to the insurance contract.

**B.    There Is No Reasonable Possibility That Plaintiff Can Prove A Fraud Claim Against Lee.**

19.    In her fraud claim, Plaintiff alleges as follows:

21.    Plaintiff purchased the disability insurance policies from the Defendants because it was represented to her that in the event she was disabled she would be paid the policy benefits during the period of her disability. As a result of such representations, as well as the concealment and suppression of important facts by Defendants, the Plaintiff purchased the disability policy of insurance and paid the premiums as required.

22.    Representations that the policy would pay the policy benefits were false. The Plaintiff relied upon the representations made to her by Defendants, to her detriment. Defendants concealed and suppressed to Plaintiff's detriment the fact that the policy would not pay benefits to her when she became disabled.

6

Complaint, ¶¶ 21, 22.

20.     Plaintiff fails to sufficiently allege fraud pursuant to the requirements of *Alabama Rules of Civil Procedure* 9(b).  In addition, there is no reasonable possibility that Plaintiff can prove a fraud claim against Lee.

21.     The only specific allegation of fraud against Lee is that he "sold these disability insurance policies to the Plaintiff with the assurances that the policies would pay in the event that Plaintiff became disabled and was unable to perform her duties as a physician."  (Complaint, ¶ 7).

22.     The claimed misrepresentations by Lee accurately reflect the true nature of the coverage under the terms of the Policies such that Plaintiff has not stated a claim for fraud because there has been no misrepresentation.  *Fowler v. Provident Life & Accident Ins. Co.*, 256 F. Supp. 2d 1243, 1247 (N.D. Ala. 2003) (obviously, to the extent that Plaintiff's claims are based on representations made by [the agent] that accurately reflect the true nature of the coverage under the terms of the policy, Plaintiff has not stated a claim for fraudulent or negligent misrepresentation because there has been no false representation.)  Lee's alleged representations accurately reflect the terms of the Policies attached to the Complaint.  They are, therefore, not misrepresentations.

23.     Furthermore, Plaintiff's Complaint alleges that her claim was denied because of a determination by the insurance company that she is not disabled from

performing the duties of her occupation, which is consistent with the terms of the Policies and Lee's alleged representations.  (Complaint, ¶ 11).  While Plaintiff may disagree with Provident Life's determination that she is not unable to perform the duties of her occupation, that does not render Lee's alleged representations that the Policies would pay benefits if the Plaintiff became unable to perform the duties of her occupation fraudulent.[1]

24.      Moreover, because the claim determination by the insurance company was that Plaintiff was not disabled from performing the duties of her occupation, there is no basis for a claim against Lee for concealing that the Policies would not pay benefits to Plaintiff when she became disabled.

25.      In addition, the Complaint does not allege that Lee had any knowledge concerning the ultimate outcome of any claim by Plaintiff for benefits before the Plaintiff made a claim.  Alabama law provides that a defendant can only be liable for concealment or suppression if the defendant had actual knowledge of the material allegedly suppressed.  *State Farm Fire & Cas. v. Owen*, 729 So. 2d 834, 837 (Ala. 1998); *Hardy v. Blue Cross/Blue Shield of Ala.*, 585 So. 2d 29, 32 (Ala. 1991); *Moses v. Allstate Indem. Co.*, 2006 WL 1361131 (M.D. Ala. 2006).

26.      As reflected in the attached Declaration, Parks Lee did not know and

---

[1] Plaintiff has not pled nor is there any basis for a claim that Lee had any knowledge or basis to predict Provident Life's determination on any future claim for benefits under the Policies.  (Ex. 2, ¶ 4).

could not have known whether Provident Life would determine Dr. Kulback to be disabled.  (Declaration of Parks Lee, attached hereto as Exhibit 2).  Certainly, before Dr. Kulback made her claim, he did not have and could not have any knowledge of the determination that Provident Life would make on any future claim by Dr. Kulback, or whether Provident Life would determine that Dr. Kulback was disabled under the Policies if and when she made such a claim.  (*Id.*); Moses, 2006 WL 1361131, * 4-5 (finding that removal was proper and the non-diverse defendants fraudulently joined where the facts allegedly suppressed by the non-diverse defendants were facts about which they stated in their affidavits they had no knowledge).

27.    Based on these authorities, the attached exhibits, and the allegations in the Complaint, there is no possibility that Plaintiff could prove a cause of action against Lee for fraud.

### C.    Bad Faith.

28.    Lee cannot possibly be liable to Plaintiff on the bad faith claim because he was not a party to the insurance contracts with the Plaintiff.  *Ligon Furniture Co. v. O. M. Hughes Ins., Inc.*, 551 So. 2d 283, 285 (Ala. 1989).

### D.    Negligence and Wantonness.

29.    Plaintiff's negligence and wantonness claim asserts negligent and wanton failure to investigate the claims by Plaintiff prior to refusal to pay the

benefits (Count IV).  This claim does not assert a claim against Lee specifically.  In addition, Plaintiff cites no basis for a duty owed by Lee to the Plaintiff concerning the investigation of her claim.  *Akpan v. Famers Ins. Exch., Inc.*, 961 So. 2d 865, 873 (Ala. Civ. App. 2007).  Furthermore, Plaintiff cannot state a claim against any party for negligence or wantonness relating to the investigation and handling of her claim.  The Alabama Supreme Court has "expressly rejected any cause of action based upon an insurer's negligence in handling direct claims."  *Pyun v. Paul Revere Life Ins. Co.*, 768 F. Supp. 2d 1157, 1179 (N.D. Ala. 2011) (quoting *Chavers v. National Sec. Fire and Cas. Co.*, 405 So. 2d 1, 5 (Ala. 1981)).

30.    Because Plaintiff cannot recover from Lee, the only non-diverse Defendant on any of the four counts in the Complaint, the joinder of Lee should be ignored for purposes of this Notice of Removal.  Likewise, "persons named as defendants to prevent removal need not join in the removal."   16 MOORE'S FEDERAL PRACTICE 3d ed. at § 107.11[1][d].[2]

## III.        The Amount In Controversy Exceeds $75,000.00.

31.    The Court has diversity jurisdiction over this case because the amount in controversy exceeds $75,000.00.

32.    Calculation of the amount in controversy includes both compensatory and punitive damages.  *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240

---

[2] Out of an abundance of caution, we are attaching hereto as Exhibit 3, the Consent to Removal of Parks Lee.

(1943); *Holly Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987).   For purposes of establishing the jurisdictional amount in controversy, multiple claims for relief can and should be considered together in determining [that] amount.   14A WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE § 3704 (value of claims are added together to determine jurisdictional amount). Based on the allegations on the face of the Complaint, the amount in controversy in the present case exceeds $75,000.00.

33.   Although Plaintiff does not specify the total dollar amount in controversy, Defendants may nonetheless remove this case to federal court.   *See Steele v. Underwriters Adjusting Co., Inc.*, 649 F. Supp. 1414, 1415 (N.D. Ala. 1986) (to disallow removal only or strictly because plaintiff did not allege a jurisdictional amount would be "simply unfair").   If the rule was otherwise, any plaintiff could avoid removal simply by declining to place a specific dollar value upon his claim.   *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007).   Accordingly, where plaintiff seeks unspecified damages, as here, a removing defendant "bears the burden of establishing the jurisdictional amount by a preponderance of the evidence."   *Lowery*, 483 F.3d at 1208; *see also* 28 U.S.C. § 1332(a).

34.   Plaintiff filed a claim for benefits under two disability insurance policies issued by Provident Life, Policy Number 6-335-2129665, a copy of which

is attached to the Complaint as Exhibit A, and Policy Number 06-337-7007506, a copy of which is attached to the Complaint as Exhibit B.  Plaintiff further alleges that "on or about the 1st day of January, 2013, the Plaintiff became disabled. Plaintiff was and is unable to perform her duties as a physician."  (Complaint, ¶ 8). Her Complaint seeks compensatory damages, including mental anguish, and punitive damages.  *See e.g.,* ¶ 29.

35.    Plaintiff further claims that "Defendants' actions and the denial of Plaintiff's claim for benefits constitutes anticipatory and/or repudiation breach of the Policies."[3]  (Complaint, ¶ 13).

36.    Policy Number 6-335-2129665 has a maximum monthly benefit amount for total disability of $4,530.00.  Policy Number 06-337-7007506 has a maximum monthly benefit amount for totally disability of $2,830.00.  (Declaration of Mark A. Doyle, ¶ 3, attached hereto as Exhibit 4).  Each of the Policies provides for residual disability benefits in addition to providing for total disability benefits. Each of the Policies has a 90-day elimination period before benefits are payable under the terms of the Policy if the insured otherwise qualifies for benefits.  (Ex. 4, ¶ 4).

---

[3] While Unum Group and Provident Life deny that there has been any anticipatory breach or repudiation of the Policies, "As a general rule, 'an anticipatory repudiation gives the injured party an immediate claim to damages for total breach . . . .'" *Congress Life Ins. Co. v. Barstow*, 799 So. 2d 931, 938 (Ala. 2001) (citations omitted); *see also Box v. Metropolitan Life Ins. Co.*, 168 So. 220, 222, 232 Ala. 447, 449 (Ala. 1936).  Accordingly, Plaintiff's claims of anticipatory breach and repudiation would place the entire past and future benefits available under the Policies "in controversy."

37.   Had Plaintiff satisfied all of the requirements of the Policies for receiving total disability benefits through October 2, 2014, the date of this Removal, the amount of total disability benefits due to Plaintiff would total $132,480.00 (18 months multiplied by $7,360.00).  (Ex. 4, ¶ 5).  This figure does not include any amount for mental anguish damages or punitive damages, and is based solely upon the computation of monthly benefits that would be due and owing under the Policies if Plaintiff were entitled to total disability benefits as she claims.

38.   Thus, the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007) ("Under the first paragraph of § 1446(b), a case may be removed on the face of the complaint if the plaintiff has alleged facts sufficient to establish the jurisdictional requirements.")

39.   Based on the foregoing, this action is one over which this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. §§ 1441, *et seq.  Lowery*, 483 F.3d at 1211 ("If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction.").

## **SUPPLEMENTAL JURISDICTION**

40.   To the extent that any particular claim against any party may be found

not to be within the Court's original jurisdiction, this Court has supplemental jurisdiction over any such claim pursuant to 28 U.S.C. § 1367, because any such claim would be so related to the claims within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  28 U.S.C. § 1367.

Respectfully submitted,

 */s/ Henry T. Morrissette*
HENRY T. MORRISSETTE
ASB-7622-E54H

OF COUNSEL:
HAND ARENDALL LLC
Post Office Box 123
Mobile, Alabama  36601
Telephone:  (251) 432-5511
Facsimile:  (251) 694-6375
Email:      hmorrissette@handarendall.com


JOHN S. JOHNSON
ASB-7114-H67J

OF COUNSEL:
HAND ARENDALL LLC
1200 Park Place Tower
2001 Park Place North
Birmingham, Alabama  35203
Telephone:  (205) 324-4400
Email:      jjohnson@handarendall.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 2, 2014, the foregoing was electronically filed with the Clerk of this Court using the Court's electronic system, which will send notification of such filing to the following and/or that the following was served upon the following via U.S. mail, postage prepaid:

E. Kirk Wood                    ekirkwood1@bellsouth.net
WOOD LAW FIRM, LLC
Post Office Box 382434
Birmingham, Alabama  35238

                    */s/ Henry T. Morrissette*                    

15